UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

RAILVISION, a limited liability company;
and GILBERT H. LAMPHERE,

      Plaintiffs,

v.                                                            CASE NO.

MICHAEL BAR-AM

      Defendant.

---

COMPLAINT FOR: (1) BREACH OF CONTRACT; (2) BREACH OF
FIDUCIARY DUTY; (3) CONVERSION; (4) FRAUDULENT
MISREPRESENTATION; AND (5) DECLARATORY RELIEF

JURY TRIAL DEMANDED

Plaintiffs RailVision and Gilbert H. Lamphere (collectively "Plaintiffs") bring this action seeking damages against Michael Bar-Am and allege as follows:

I.

PARTIES

1.     Plaintiff RailVision is a Limited Liability Company, formed and existing under the laws of the state of Delaware having offices in New York, New York and in Wilmington, Delaware. It was formally incorporated on January 19, 2005.

2.     Plaintiff Gilbert H. Lamphere ("Lamphere") is an individual who is domiciled in the state of New York.

3.     Defendant Michael Bar-Am ("Bar-Am"), upon information and belief, is an individual who is domiciled in Israel.

## II.

## JURISDICTION AND VENUE

4.  The Middle District of Florida has subject matter jurisdiction pursuant to 28 U.S.C. §1332 (diversity of citizenship) in that Defendant is domiciled in a different jurisdiction than Plaintiff and the amount in controversy exceeds $75,000, exclusive of interest and costs. Moreover, this is a civil action to determine rightful ownership of a patent and/or a pending patent application on file with United States Patent and Trademark Office, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1, *et seq.* (APP #11/679,556). Jurisdiction is conferred upon this Court pursuant to 28 U.S.C. §§ 1331, and 1338(a).

5.  Bar-Am is subject to personal jurisdiction in this district because he has, on a continual basis, conducted business in the state of Florida and in this Judicial District For example, Bar-Am made confidential presentations regarding the technology at issue to Florida East Coast Railroad ("FEC") at FEC's offices in St. Augustine with the intent to induce FEC to become an investor in RailVision. Plaintiffs and Bar-Am also made site visits to the FEC operating yards in Miami and held extensive confidential discussions with FEC operating personnel for the purpose of tailoring the commercial embodiment of the invention and persuading FEC to become an investor in RailVision.

6.  Lamphere is subject to personal jurisdiction in Florida because he is a part-time resident of Hobe Sound, Florida and has conducted RailVision business in Florida.

7.  Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. §1391(a)(2), (3) in that many of the events or omissions alleged in this complaint arose in relation to agreements that were executed and to be performed in this district subjecting the Defendant to personal jurisdiction within this district.

550104.3

III.

## GENERAL ALLEGATIONS

8.  Lamphere is the former Chairman of the Illinois Central Railroad, Canadian National Railway ("CNR") and FEC.

9.  One of the logistical issues that all railroads face is the time and expense with periodic inspection of the rails and car wheels in order to ascertain the condition of those critical structures.

10. In or about 2004 Lamphere was introduced to Bar-Am, an inventor who created technology for the optical inspection of rail beds (hereinafter the "Technology").

11. Sometime thereafter, Lamphere and Bar-Am orally agreed to form a partnership to commercialize the Technology. Lamphere, using his pre-existing relationships in the rail industry, made introductions and inquiries regarding commercial interest in the Technology. Several individual investors, as well as the CNR and FEC, expressed interest. The interested parties agreed to form, and invest in, a limited liability company ("the Company") for the express purpose of commercializing the Technology.

12. All the investors agreed, as a first step, to contribute capital in exchange for equity in the Company, except Bar-Am, who agreed to contribute the Technology and intellectual property rights related to the Technology. In exchange for contributing the Technology and the intellectual property rights in the Technology, Bar-Am was going to receive approximately 1384 Units in the Company, which at the time was valued at approximately $1,384,000. The parties agreed to invest Company funds in the prosecution of a United States Patent Application and hired Fish & Richardson P.C. to under take the prosecution of the patent. Upon information and belief, Bar-Am contacted attorneys at Fish & Richardson P.C. and initiated a review of the existing technology and descriptions necessary for filing for patent protection for certain aspects of the Technology. Plaintiffs do not know the current status of that prosecution and

have been unable to find any public information regarding the prosecution. Plaintiffs do not have any information as to any foreign patent filings related to the Technology.

13. The Company also hired Fish & Richardson P.C. to create a document memorializing the oral agreements between the parties entitled "RailVision, LLC Limited Liability Company Agreement." The majority of the oral agreements reached between the parties are incorporated in this document, which is attached to this Complaint as Exhibit A.

14. Lamphere agreed to contribute a portion of the operating capital necessary for the Company and to use his relationships in finance and commercial rail operations to obtain additional capital.

15. Bar-Am agreed to assign to the Company the optical technology and any intellectual property rights for the Technology. The parties agreed to share in the profits and losses and to share the assets and liabilities of the Company.

16. On several occasions, Lamphere and Bar-Am met with executives from the FEC in St. Augustine and Miami. The purpose of those meetings was to discuss the Technology and to induce FEC to invest in RailVision and to assist with the research, development and commercialization of the Technology. Part of the presentations to FEC involved representations that the Technology could be protected by obtaining U.S. Patents and that RailVision would own the Intellectual Property associated with the Technology. As a result of those meetings, FEC became an investor in RailVision.

**FIRST CLAIM FOR RELIEF**
**(Breach of Oral Contract)**

17. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 16 of this Complaint, as set forth above.

18. Lamphere has at all times performed the terms of the contract that were to be performed on his part in the manner specified by the parties' agreement. Bar-Am,

however, has failed and refused, and still fails and refuses, to perform terms of the contract to be performed on his part. On information and belief, Bar-Am terminated the relationship with Fish & Richardson P.C. and individually undertook responsibility for the continued prosecution of the U.S. patent for the Technology, or patents, related to the Technology.

19. As a result of Bar-Am's failure and refusal to perform his obligations under the contract, Plaintiffs have been damaged.

WHEREFORE, Plaintiffs request judgment and damages against Bar-Am for Breach of Contract and whatever other relief the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Breach of Fiduciary Duty)

20. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 19 of this Complaint, as set forth above.

21. Lamphere and Bar-Am were partners or joint venturers, and as such Bar-Am owed Lamphere a fiduciary duty. The fiduciary duty Bar-Am owed to Lamphere includes, but is not limited to, the duty to avoid misleading Lamphere into believing that Bar-Am was acting jointly with Lamphere with respect to the business of the partnership, and the duty not to convert for his own use and to the exclusion of Lamphere, the intellectual property rights they jointly held, and the duty to conduct the affairs of the partnership/joint venture in a fair, just and equitable manner. Moreover, Bar-Am owed a fiduciary duty to Lamphere to use his best efforts to perfect the intellectual property protection of the Technology.

22. Bar-Am breached his duty to Lamphere by seizing the Intellectual Property relating to the Technology for his own use and fleeing the country to avoid his fiduciary obligations to Lamphere.

23. As a proximate result of Bar-Am's breach of his fiduciary duty, Lamphere has been damaged.

24. Bar-Am's breach of fiduciary duty was, and is, willful, oppressive and malicious and done with the intent to injure Lamphere and deprive Lamphere of his rights in the Technology. Bar-Am breached his fiduciary duty with the actual knowledge that the wrongfulness of his conduct had a high probability that damage to Plaintiff would be the result. Lamphere is therefore entitled to exemplary and punitive damages in an amount sufficient to deter Bar-Am's future wrongful conduct, and entitle Lamphere to punitive damages for Bar-Am's willful and intentional breach of his fiduciary duty.

WHEREFORE, Lamphere requests judgment against Bar-Am as set forth below.

### THIRD CLAIM FOR RELIEF
(Conversion)

25. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 24 of this complaint, as set forth above.

26. In acting as alleged above, Bar-Am converted to his own use and enjoyment, and to the exclusion of Lamphere and the Company, the intellectual property related to the Technology that Plaintiffs had the right to posses, use, and profit from, pursuant to the parties' oral agreement, resulting in actual damages to Plaintiffs in an amount to be proven at trial.

27. As demonstrated by the course of conduct alleged above, Bar-Am acted with fraud, oppression, and malice, warranting the imposition of punitive damages.

WHEREFORE, Lamphere requests judgment against Bar-Am for his conversion of Lamphere's ownership interest in the Technology.

550104.3

## FOURTH CLAIM FOR RELIEF
### (Fraudulent Misrepresentation)

28. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 27 of this complaint, as set forth above.

29. Bar-Am represented to Lamphere that he would transfer the Rights in the Technology to the Company, Bar-Am had no intention of performing his obligations, knew his representation was false, and made the representation with the intent of deceiving and defrauding Lamphere to act in reliance on his representations in the manner herein alleged, or with the expectation that Lamphere would so act.

30. At the time the representations were made by Bar-Am, Lamphere was relying on Bar-Am's representations and believed them to be true. In reasonable reliance on those representations, Lamphere was induced to, and did, contribute time and financial capital to the Company. Moreover, Lamphere used his extensive industry contacts to introduce the Technology to a variety of potential investors and end-users. Lastly, Lamphere committed significant credibility, due to his professional reputation and relationships, in reliance upon Bar-Am's representations.

31. Bar-Am intentionally induced Lamphere to enter into the partnership/joint venture and commit resources to the venture without any intention of contributing the Technology to the Company.

32. As a proximate result of Bar-Am's fraud and misrepresentations, Lamphere has been damaged.

33. The aforementioned conduct of Bar-Am was a fraudulent misrepresentation, deceit, or concealment of a material fact known to Bar-Am with the intention on the part of Bar-Am that Lamphere would rely on Bar-Am's representation.

WHEREFORE, Lamphere requests judgment against Bar-Am as set forth below.

## FIFTH CLAIM FOR RELIEF
(Declaratory Relief)

34. Plaintiffs reallege and incorporate herein by reference the allegations contained in paragraphs 1 through 33 of this complaint, as set forth above.

35. The parties entered into an oral agreement to create a partnership or joint venture, as outlined above.

36. An actual controversy has arisen and now exists between Lamphere and Bar-Am concerning their respective rights and duties because Bar-Am is required to convey all rights of the Technology to RailVision, while Bar-Am apparently contends he owns the rights to the Technology. Lamphere desires a judicial determination of his rights and duties, and a declaration regarding the Partnership's rights to the Patent that Bar-Am transferred the rights in the Technology to RailVision and/or Lamphere.

37. A judicial declaration is necessary and appropriate at this time to determine the parties' rights and duties with respect to the Technology.

WHEREFORE, Lamphere requests judgment against Bar-Am as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Lamphere requests judgment against Bar-Am as follows:

1. For actual damages under claims one through four;

2. For punitive damages under claims two, three and four;

3. For a declaration that RailVision is the lawful owner to the title to all IP related to the Technology.

2. For Plaintiff's reasonable attorney fees expended in this action;

3. For costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury as to all issues so triable.

Respectfully submitted,

Dated: January 9, 2008          By: _____
                                Stephen D. Milbrath
                                Florida Bar No. 239194
                                Gregory B. Allen
                                Florida Bar No. 550752
                                ALLEN, DYER, DOPPELT,
                                    MILBRATH & GILCHRIST, P.A.
                                255 South Orange Avenue, Ste. 1401
                                Orlando, Florida 32801
                                Telephone:  (407) 841-2330
                                Facsimile:  (407) 841-2343
                                smilbrath@addmg.com
                                gallen@addmg.com


                                OF COUNSEL:
                                John V. Picone III, Bar No. 187226
                                jpicone@hopkinscarley.com
                                Dori L. Yob, Bar No. 227364
                                dyob@hopkinscarley.com
                                HOPKINS & CARLEY
                                The Letitia Building
                                70 S First Street
                                San Jose, CA  95113-2406
                                Telephone:  (408) 286-9800
                                Facsimile:  (408) 998-4790

                                Attorneys for Plaintiffs
                                GILBERT H. LAMPHERE and
                                RAILVISION